UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MALIBU MEDIA, LLC,

       Plaintiff,

v.                            Case No:  2:14-cv-511-FtM-38CM

MARK DANFORD,

       Defendant.

_____

## ORDER

Before the Court is Plaintiff's Motion for Entry of Clerk's Default Pursuant to Fed. R. Civ. P. 55(a) Against Defendant Mark Danford ("Danford") (Doc. 15), filed on January 12, 2015.   Danford has not filed a response to the motion and the time to do so has expired.[1]   Plaintiff Malibu Media, LLC ("Malibu Media") moves pursuant Federal Rule of Civil Procedure 55(a), for entry of a Clerk's Default against Danford for failure to respond to the Complaint.   For the reasons that follow, the motion is due to be granted.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process.   *United*

---

[1] The motion's Certificate of Service states that Plaintiff served the motion via U.S. Mail on Danford on January 12, 2015.   Doc. 15 at 2.

*States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, *1 (M.D. Fla. June 24, 2009).   Service on an individual can be made by any manner accepted in the state or by "delivering a copy of the summons and of the complaint to the individual personally."   Fed. R. Civ. P. 4(e)(1), (e)(2)(A).   Section 48.031, Florida Statutes, provides that "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper. . . ."   Fla. Stat. § 48.031(1)(a).

The Return of Service shows that Danford was personally served with the Summons and Amended Complaint on December 15, 2014, at 12670 Wquestrian Circle, Apartment 2208, Fort Myers, Florida, 33907-7575.[2]   Doc. 12.   The Court finds that service of process was properly effected because the Summons and Amended Complaint were personally served on him.

Pursuant to Rule 12(a)(1)(A), Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint.   Danford has failed to do so within the time period; therefore, entry of Clerk's Default is appropriate.

---

[2] There appears to be a typo on the Return of Service, which states that the address is 12670 Wquestrian Circle, Apartment 2208, Fort Myers, Florida, 33907-7575.   Doc. 12. The address on the motion's certificate of service for Danford is 12670 Equestrian Circle, Apartment 2208, Fort Myers, Florida, 33907-7575.   Doc. 15 at 2.   This error does not appear to have effected proper service as the Return of Service states that process server personally served Danford at the address.

ACCORDINGLY, it is hereby

**ORDERED**:

Plaintiff's Motion for Entry of Clerk's Default Pursuant to Fed. R. Civ. P. 55(a) Against Defendant Mark Danford (Doc. 15) is **GRANTED**; and the Clerk is directed to enter Clerk's Default against Defendant Mark Danford.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of February, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record