UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                  Case No: 2:14-cv-511-FtM-38CM

MARK DANFORD,

    Defendant.
_____/

# ORDER[1]

This matter comes before the Court on Plaintiff Malibu Media, LLC's Motion for Entry of Default Judgment against Defendant Mark Danford (Doc. #20) filed on April 22, 2015. Malibu Media also filed a memorandum in support. (Doc. #21). Although given the opportunity, Danford has not filed a response in opposition. The motion is ripe for review.

## Background

Plaintiff Malibu Media, LLC filed an amended complaint against Defendant Mark Danford on December 3, 2014. (Doc. #10). Malibu Media owns several copyrighted works ("the Works"). (See Doc. #10-2). According to the operative complaint, Mark Danford willfully copied and distributed the Works without permission using a BitTorrent system.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

(Doc. #10, at ¶32). In light of this, Malibu Media sued Danford for direct copyright infringement pursuant to 17 U.S.C. §§ 106 and 501. (Doc. #10, at ¶34).

Malibu Media properly served Danford on December 15, 2014. (See Doc. #12). Danford, however, failed to timely respond to the operative complaint. See Fed.R.Civ.P. 12(a)(1)(A)(i). Malibu Media moved for an entry of clerk's default on January 12, 2015, (Doc. #15), the Court granted Malibu Media's request, (Doc. #17), and a Clerk's Entry of Default was entered on February 2, 2015, against Danford, (Doc. #18). To date, Danford has failed to answer, respond, or otherwise make an appearance in this case.

Standard

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b). ABS-SOS Plus Partners Ltd. v. Vein Assocs. of Am., Inc., No. 6:08-cv-1409-Orl-31DAB, 2008 WL 5191701, at *1 (M.D. Fla. Dec. 10, 2008) (citing DirecTV, Inc. v. Griffin, 290 F. Supp.2d 1340, 1343 (M.D. Fla. 2003)). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. Nike, Inc. v. Austin, 2009 WL 3535500, at *1 (M.D. Fla. Oct. 28, 2009) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.")). Therefore, in considering a motion for default judgment, a court must "'examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to' a default judgment." Nike, Inc., 2009 WL 3535500, at *1 (citing Fid. & Deposit Co. v. Williams, 699 F. Supp. 897, 899 (N.D. Ga. 1988)). Moreover, it is well understood that "a judgment by default may not be entered without a hearing unless

the amount claimed is a liquidated sum or one capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); see also Fed.R.Civ.P. 55(b); Patray v. Nw. Publ'g, Inc., 931 F.Supp. 865, 869 (S.D. Ga. 1996). A plaintiff must establish the amount is reasonable under the circumstances. Patray, 931 F.Supp. at 869.

### Discussion

*(1) Liability*

Upon review of the operative complaint, the Court is satisfied Malibu Media has properly alleged a claim for direct copyright infringement. That is, Malibu Media has established it owns valid copyrights and alleged its original works were copied by Danford. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) (explaining in order to establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.") (citation omitted). (See Doc. #13-1). Since the allegations in the operative complaint are well-plead, Danford is liable for direct copyright infringement. See Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999) ("The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact. Liability, if well-pleaded, is established by virtue of a default.") (citing Buchanen v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987)).

*(2) Statutory Damages*

Turning to the statutory damages sought in the operative complaint, the Court finds Malibu Media is entitled to recover statutory damages for infringement of its copyrighted works pursuant to 17 U.S.C. § 504.[2] 17 U.S.C. § 504(c); see generally Cable/Home

---

[2] Here, Malibu Media has elected to pursue statutory damages rather than actual damages.

Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829 (11th Cir. 1990). In general, a court may award statutory damages for all infringements involved in the action, with respect to any one work. 17 U.S.C. § 504(c)(1). Such statutory damages shall not be less than $750 or more than $30,000. Id.

> In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.

17 U.S.C. §504(c)(2). The word "willfully," in the context of Section 504(c)(2), means that a defendant "knows his actions constitute an infringement; the action need not have been malicious." Cable/Home Commc'n Corp., 902 F.2d at 851 (citations omitted). When infringement is willful, courts consider deterrence when determining the amount of statutory damages to be awarded. Id. ("deterrence of future violations is a legitimate consideration because defendants must not be able to sneer the face of copyright owners and copyright laws.") (internal quotation marks and citations omitted). Moreover, "courts have found statutory damages are especially appropriate in default judgment cases because the information needed to prove actual damages is uniquely within the infringers' control and is not disclosed." Clever Covers, Inc. v. Sw. Fla. Storm Defense, LLC, 554 F. Supp. 2d 1303, 1311 (M.D. Fla. 2008) (citation omitted).

Malibu Media asserts in this instant case, the infringement was committed willfully. Specifically, Malibu Media seeks $1,500 per work in statutory damages. Since Malibu Media alleged Danford infringed 47 works, Malibu Media seeks a total of $70,500 in statutory damages. Malibu Media argues this amount is reasonable because Danford

aided other participants through the BitTorrent system to infringe its copyright and caused the lost sales of its content which likely exceed a lost sales of $70,500 or more.

The Court, however, finds a statutory award of damages of $70,500 would provide Malibu Media a windfall and therefore is not warranted here. Clever Covers, Inc., 554 F. Supp. 2d at 1313 ("statutory damages are not intended to provide a plaintiff with a windfall recovery.") (internal brackets and citation omitted). Here, Malibu Media failed to provide any evidence of its own lost sales, profits, or licensing fees as a result of the infringement to assist the Court in determining the appropriate amount of statutory damages to award. Similarly situated courts addressing statutory damages where a defendant has downloaded copyrighted materials through a BitTorrent system have assessed damages of approximately $6,000 based on an inference of willfulness. See Countryman Nevada, LLC v. Adams, No. 6:14-cv-491-Orl-18GJK, 2015 WL 574395, at *7 (M.D. Fla. Feb. 11, 2015) (awarding $6,000 in statutory damages in similarly situated case); TCYK, LLC v. Martin, No. 8:14-cv-0087-T-27TBM, 2014 WL 6978149, at *2 (M.D. Fla. Dec. 9, 2014) (same); Thompsons Films, LLC v. Velez, No. 6:13-cv-671-Orl-36TBS, 2014 WL 3721288, at *6 (M.D. Fla. July 28, 2014) (same); Bait Prods. PTY Ltd v. Aguilar, No. 8:13-cv-161-T-31DAB, 2013 WL 5653359, at *6 (M.D. Fla. Oct. 15, 2013) (same). Nothing about this case materially distinguishes it from cases in which damages in the range of $6,000 have been awarded. In light of the facts and circumstances in this case as well as other similarity situated cases within this district, the Court finds a statutory award of $6,000 is appropriate.

*(3) Injunctive Relief*

Pursuant to 17 U.S.C. § 502(a), a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." In order to receive a permanent injunction, a plaintiff must demonstrate: (1) he suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering, the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).

Upon review of the well-plead allegations, taken as true, the Court finds a permanent injunction is warranted. Bait Prods. PTY, Ltd., 2013 WL 5653357, at *5; see also Arista Records, Inc. v. Beker Enters., Inc., 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) ("Courts also regularly issue injunctions as part of default judgments."). The Court is satisfied due to Danford's copyright infringements, Malibu Media has suffered from an irreparable injury. Arista Records, Inc., 298 F. Supp. 2d at 1314 ("Plaintiffs 'need not show irreparable harm, as the default against Defendants satisfies the element of success on the merits.'") (quoting Sony Music Entm't, Inc. v. Global Arts Prod., 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999)); see also TCYK, LLC, 2014 WL 6978149, at *2. Monetary damages are inadequate to compensate for the injury. See generally Bait Prods. PTY Ltd v. Aguilar, 2013 WL 5653359, at *5. There is no evidence of hardship to Danford. TCYK, LLC, 2014 WL 6978149, at *2 (citation omitted). There is no indication public interest would be disserved by the issuance of a permanent injunction against Danford. Thompsons Film,

2014 WL 3721288 at *6. The Court finds granting a permanent injunction against Danford is proper.

The Court will enjoin Danford from infringing Malibu Media's copyrights, related to the Works, under federal or state law. Id. at *7. The Court will enjoin Danford from using the Internet, BiTorrent, or any other online media distribution system to reproduce or distribute the Works available for distribution to the public, unless Danford receives a license or express authority from Malibu Media. Id. Further, the Court will require Danford to destroy all illegal downloaded or reproduced copies of the Works in his possession, custody, or control. Id.

*(4) Attorney's Fees*

Malibu Media also seeks attorney's fees and costs pursuant to the Copyright Act. See 17 U.S.C. § 505. Courts consider factors such as frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance consideration of compensation and deterrence. Foegrty v. Fantasy, Inc., 510 U.S. 517, 535 (1994). Since the Copyright Act seeks to stimulate artistic creativity for the general public good and discourage infringement, awarding attorney's fees addresses these goals because allows people to vindicate or defend their rights. Clever Covers, Inc., 554 F. Supp. 2d at 1314 (citing Foegrty, 510 U.S. at 535). In light of Danford's failure to participate in this litigation, the Court finds awarding attorney's fees is appropriate in this circumstance. Foegrty, 510 U.S. at 535 (explaining courts must first determine whether awarding attorney's fees in a case is appropriate).

Here, Malibu Media seeks $1,657 in attorney's fees and costs and supports it request with a declaration. (See Doc. #21-4). With regard to attorney's fees, Attorney M.

Keith Lipscomb spent 1.9 hours prosecuting this case and his paralegal spent 7.2 hours prosecuting this case. In this case, the attorney charged $300 per hour for his time and the paralegal charged $85.00 per hour for his time, totaling $1182 in attorney's fees. The declaration clearly itemizes the work that they did and the amount of time spent completing the work. (See Doc. #21-4). With regard to costs, Malibu Media seeks $475.00. This amount represents $400 for a filing fee and $75.00 for a process service. The Court finds the attorney's fees and costs are reasonable and appropriate.

Accordingly, it is now

**ORDERED:**

1. Motion for Entry of Default Judgment against Defendant Mark Danford (Doc. #20) is **GRANTED in part**.

2. A permanent injunction is **ENTERED** against Defendant Mark Danford:

   a. Defendant Mark Danford is permanently enjoined from directly or indirectly infringing Plaintiff Malibu Media, LLC's rights in the Works.

   b. Defendant Mark Danford is permanently enjoined from using the Internet to reproduce, copy, distribute, or make the Works available for distribution to the public, unless Mark Danford receives a license or express authority from Plaintiff Malibu Media, LLC.

   c. Defendant Mark Danford is required to destroy all illegal downloaded or reproduced copies of the Works in his possession, custody, or control.

3. The Court awards Plaintiff Malibu Media, LLC **$6,000.00** in statutory damages pursuant to 17 U.S.C. § 504. In addition, the Court awards Plaintiff

Malibu Media, LLC **$1,182.00** in attorneys' fees and **$475.00** in costs pursuant to 17 U.S.C. § 505.

4. This action is **DISMISSED with prejudice**.

5. The Clerk is directed to close the case and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of May, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record