UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MALIBU MEDIA, LLC,

      Plaintiff,

v.                                          Case No:  2:14-cv-511-FtM-38CM

MARK DANFORD,

      Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff's Motion for Reconsideration of Order (Doc. #26) filed on May 26, 2015.

### Standard

Reconsideration of a court's previous order is an extraordinary remedy, and thus, is a power that should be used sparingly. Carter v. Premier Rest. Mgmt., No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Discussion

On May 12, 2015, the Court issued an order entering default judgment against Defendant Mark Danford and awarding statutory damages in the amount of $6,000.00. (Doc. #24). Plaintiff Malibu Media argues reconsideration of this order is proper to prevent manifest injustice because the Court misapplied the record facts to the controlling law. That is, since Malibu Media alleged Danford infringed 47 works, a statutory damage award of $6,000 is too low. (See Doc. #1; Doc. #1-2). Malibu Media contends the Court must enter an award between $35,250.00 and $7,050,000.00. Upon consideration, the court agrees. See Arista Records, Inc. v. Beker Enters., Inc., 298 F.Supp.2d 1310, at 1312 (S.D. Fla. 2003) (explaining copyright owner is entitled to statutory damages *per* infringed work); Elektra Entm't Group, Inc. v. Carter, 618 F.Supp.2d 89, 94 (D.Me. 2009) (granting $750.00 of statutory damages per work).

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Reconsideration of Order (Doc. #26) is **GRANTED**. The Court awards Plaintiff Malibu Media, LLC **$35,250.00** in statutory damages pursuant to 17 U.S.C. § 504 rather than $6,000. All other portions of the default judgment shall remain the same. (Doc. #25). The Clerk is directed to amend the judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of June, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record